UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnathan Goss, *also known as Johnathon Antonio Goss*, | ) ) ) | C/A No. 9:25-cv-09577-RMG-MHC |
| Plaintiff, | ) ) ) | **REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Entire Guard Staff of the GCDC,[1] | ) ) | |
| Defendant. | ) ) ) | |

This a civil action filed by Plaintiff Jonathan Goss, a state prisoner proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order dated September 23, 2025, Plaintiff was directed to bring his case into proper form by providing the specified documents. On October 15, 2025, the Proper Form Order, addressed to Plaintiff at the address he provided (*see* ECF No. 1-1), was returned as "unclaimed" with a notation of "released from custody." ECF No. 6. Plaintiff has not provided a new address or contacted the Court. The time for Plaintiff to bring his case into proper form has passed, and he has failed to provide the documents necessary to bring this case into proper form.

## I.    BACKGROUND

At the time Plaintiff filed this action, he was being held at the Greenville County Detention Center (GCDC).[2] It appears he has now been released from custody. Plaintiff may be complaining

---

[1] Plaintiff filed a letter that has been filed as the Complaint (ECF No. 1) in this action. Because Plaintiff wrote the "Entire Guard Staff… of The GCDC" at the top of his letter, it was named as Defendant. Plaintiff has not filed a completed and signed complaint form.

[2] Plaintiff states he is serving a 90-day sentence but also complains about a bond (*see* ECF No. 1 at 2), such that it is unclear if he was serving a sentence or if he was a pretrial detainee at the time he filed this action.

about his conditions of confinement at the GCDC. He poses a set of questions about conditions at the GCDC and makes inquiries as to what the Court is going to do about the conditions. *See* ECF No. 1 at 1-3.

## II.     STANDARD OF REVIEW

A pro se Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Lack of Jurisdiction

Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service

of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[3] Plaintiff may be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff fails to establish federal question jurisdiction because he has not alleged that any federal constitutional or statutory right was violated by a person acting under color of state law.

B.      Failure to State a Claim

Even if Plaintiff can establish jurisdiction, this action should be summarily dismissed because Plaintiff fails to state a cognizable claim against Defendant. The Complaint is fairly characterized as being composed of what some courts have described as "buzz words" or "legalistic gibberish." *See, e.g., Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306 (D.S.C. Apr. 13, 2011), *report and recommendation adopted*, No. 8:11-CV-0797-JMC,

---

[3] A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

2011 WL 2671228 (D.S.C. July 8, 2011). Plaintiff asks what appear to be nonsensical questions about situations at GCDC and asks what this Court is going to do about the situations.[4] *See* ECF No. 1 at 1-3. As such, a substantial portion of Plaintiff's allegations are so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish", that it is unclear what is to be made of them. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2nd Cir. 1998); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming dismissal of Plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face).

C.      Entire Guard Staff of the GCDC is not a State Actor under § 1983

Defendant Entire Guard Staff of the GCDC is also subject to summary dismissal because it is not a state actor under § 1983. Vague groups of unidentified individuals lumped together in broad-brush allegations do not constitute "persons" for purposes of § 1983. *See Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required under § 1983); *Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL

---

[4] Moreover, to the extent Plaintiff may be requesting declaratory or injunctive relief, his requests are moot because it appears he is no longer detained at the GCDC. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (explaining that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief"); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding prisoner's Eighth Amendment claims for injunctive and declaratory relief moot based on transfer); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

4

2332741, at *1 (D.S.C. May 30, 2017) (explaining that "entire departments" or "groups of people" are not amenable to suit under § 1983); *see also Allen v. City of Graham*, No. 1:20-cv-997, 2021 WL 2037983, at *2, 5 (M.D.N.C. May 21, 2021) (finding allegations that failed to differentiate alleged wrongful conduct between defendants were insufficient to state a claim to relief under Rule 8(a)); *Spivey v. Breckon*, No. 7:20-cv-400-MFU-JCH, 2022 WL 2317448, at *3 (W.D. Va. June 28, 2022) (same).

D.    Failure to Bring Case into Proper Form

As noted above, Plaintiff has also failed to bring this case into proper form. In the Court's Proper Form Order dated September 23, 2025, Plaintiff was given the opportunity to bring his case into proper form by providing a completed and signed complaint form, paying the filing fee or submitting a completed and signed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240), completing a summons form for every named Defendant, and completing and signing a Form USM-285 for each named Defendant. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 3.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form or respond to the Proper Form Order in any way. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice,[5] without leave to amend,[6] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

October 28, 2025
Charleston, South Carolina

---

[5] *See Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for ... [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

[6] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable"). Here, any attempt to cure the deficiencies in the complaint would be futile for the reasons discussed above.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).